# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Applicant, | )<br>) No. 4:06-MC-546 CAS |
| v. | )<br>) |
| MICHAEL F. SHANAHAN, SR., et al., | )<br>) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on motions by Michael F. Shanahan, Sr., Michael F. Shanahan, Jr., and David D. Mattern (collectively "respondents") to seal the case file and for leave to file the motion to seal the case file under seal. The Securities and Exchange Commission ("SEC") has filed a response in opposition to the motion to seal the file and respondents have replied. This Court, the Honorable E. Richard Webber presiding, heard oral argument on the motion to seal the case file on October 17, 2006, and the case was subsequently transferred to the undersigned. For the following reasons, respondents' motions should be denied.

**Background**.

The SEC filed this miscellaneous action on October 12, 2006, seeking an order requiring compliance with subpoenas it issued to the respondents on July 28, 2006 in connection with its investigation into the potential backdating of stock options at Engineered Support Systems, Inc. ("ESSI"), which is captioned <u>Matter of Engineered Support Systems, Inc.</u> (C-07219). The respondents are former officers or members of the Board of Directors of ESSI. The subpoenas directed the respondents to produce certain documents by August 4, 2006, and appear for testimony

in the SEC's Chicago, Illinois office on August 14, 2006, later continued to August 31, 2006. The SEC asserts that the respondents appeared in Chicago for testimony before SEC staff, but on the advice of counsel refused to either answer questions or assert their Fifth Amendment privileges against self-incrimination. The SEC's application for an order enforcing the subpoenas seeks an order directing the respondents to either testify pursuant to the subpoenas or assert the Fifth Amendment privilege.

On October 13, 2006, the respondents filed a motion to seal the case file and a motion for leave to file the motion to seal the case file under seal.[1] The parties filed response and reply memoranda in accordance with the schedule established by Judge Webber, the Court has carefully read the transcript of the hearing before Judge Webber, and this matter is now ready for decision.

**Motion to Seal Case File**.

In support of their motion to have the case file sealed, the respondents state that a court may seal a file where there is a compelling privacy interest at stake. Respondents offer three primary arguments in favor of sealing the file: (1) the SEC's subpoenas were issued in an investigation conducted pursuant to an "Order Directing a Private Investigation," which is an inquiry meant to be shielded from public view; (2) the subject matter of the SEC's investigation is also the subject of an active grand jury investigation in this district, and the secrecy of grand jury proceedings must be maintained; and (3) the SEC appears to have purposely filed its application for an order requiring compliance with subpoenas in this district, rather than in the Northern District of Illinois where its investigation is being conducted, because media attention to this matter is likely to be much greater here. In support of their motion, the respondents rely heavily on In re Sealed Case, 237 F.3d 657

---

[1]Although no order has been issued on either motion until now, the case file and docket sheet were sealed by the Office of the Clerk of the Court.

(D.C. Cir. 2001) (Federal Election Commission action to enforce a subpoena should have been filed under seal). The respondents assert that In re Sealed Case should control here, as it is "strikingly similarly" to the instant matter. Mem. Supp. Mot. to Seal Case File at 2.

The SEC responds that there is a common-law right of access to judicial proceedings including the right to inspect and copy records and documents, based on the rights of citizens to monitor the work of public agencies and the rights of the press to publish information concerning the operation of government. The SEC states that since May 2006, there have been several newspaper articles in the St. Louis Post-Dispatch and the Wall Street Journal concerning the potential backdating of stock option grants at ESSI, several of which mentioned ESSI's former Chairman and CEO, respondent Michael F. Shanahan, Sr., and referred to significant personal profits he obtained from the exercise of ESSI stock options.[2] The SEC also states that DRS Technologies, Inc., which purchased ESSI, publicly filed an annual report in June 2006 which stated that DRS was cooperating with investigations by the SEC and the Department of Justice regarding the potential backdating of stock options at ESSI.

With respect to respondents' arguments, the SEC asserts that while information and documents it gains during a private investigation is generally deemed non-public, an exception exists where the information is made a matter of public record as has occurred here. See 17 C.F.R. § 203.2. The SEC states that Congress has given it the power to investigate potential violations of the securities laws, along with the authority to enforce in federal court its subpoenas for documents and testimony, see 15 U.S.C §§ 77t(a) and v(b); 15 U.S.C. §§ 78u(a)(1) and (c), and when it files a

---

[2]Respondent Michael F. Shanahan, Jr. is the son of Michael F. Shanahan, Sr., and was a member of ESSI's Board of Directors. David D. Mattern was ESSI's General Counsel, and is Mr. Shanahan, Sr.'s son-in-law.

subpoena enforcement action in federal court it must make certain information about its investigation a public record. In particular, it must advise a court regarding the subject matter of its investigation, the relevance of the testimony or documents sought from a witness, and the facts surrounding a witness' refusal to comply. Thus, the SEC states it is not required to protect the identity of "recalcitrant" witnesses during subpoena enforcement proceedings.

The SEC asserts that the case on which respondents rely, In re Sealed Case, 237 F.3d 657 (D.C. Cir. 2001), is unique and should not be followed in this situation because the Federal Election Commission, unlike the SEC, operates under a unique statutory and regulatory scheme which require that it cannot publicize its findings or investigations with the express written consent of the person or entity involved. Id., 237 F.3d at 665-66 (citing 2 U.S.C. § 437g(a)(12)(A) and 11 C.F.R. § 111.21(a)).

With respect to the ongoing grand jury proceedings, the SEC states that the only information its enforcement papers reveal is that respondents' counsel have used that proceeding as a justification for instructing their clients not to answer to SEC's questions, and therefore the existence of the investigation has been disclosed to the public through no fault of the government.

Finally, the SEC responds that it followed its normal practice and properly filed this enforcement action where the respondents and their counsel reside, where the corporation formerly did business, and in the district where the SEC would seek the enforcement of any contempt orders resulting from its application. The SEC states it did not seek to have the matter placed under seal because its regulations and normal practice do not require such a measure, but notes that it did not place the transcripts of respondents' testimony in the Court file as doing so would reveal the nature and contents of the questions raised and the documents discussed. The SEC also asserts that sealing

the case file would complicate and delay the disposition of this matter and would prevent it from using the Court's opinion as precedent in other cases.

The respondents reply that there are compelling reasons to seal this case, because the SEC is attempting to punish them by making its investigation public in response to their refusal to answer questions based on a form provided to them by the SEC, which stated that a witness could refuse "to give any information that may tend to incriminate you or subject you to fine, penalty or forfeiture." (See Ex. 5 to Shank Decl.). The respondents state that the SEC cannot simply choose to make a private investigation a matter of public record, as "such an interpretation emasculates the protections offered by a private investigation." Reply at 5.

Addressing six factors relevant to the determination whether a file should be sealed, originally set out by the District of Columbia Circuit in United States v. Hubbard, 650 F.2d 293, 317-22 (D.C. Cir. 1980), the respondents state there is "little or no public need for access to this matter at this time," as any public need for information will be satisfied when and if the SEC brings a public enforcement action against them, and otherwise the matter will have appropriately been kept confidential. Reply at 6. Respondents state that there was brief public access prior to the file being sealed, but not broad public access, and much of the information contained in the SEC pleadings is private and should remain private, such as: (1) correspondence from respondents' counsel referencing respondents' Fifth Amendment right to remain silent and the grand jury investigation; (2) discussions concerning the attorney-client privilege; (3) specific information concerning the matters about which the SEC wishes to question the respondents; and (4) a suggestion that one of respondents' attorneys acted improperly by adopting the statement of another of respondents' attorneys.

Respondents state they clearly have an interest in the privacy of the SEC private investigation and immediately objected to public access to this matter, and there is a significant chance they will be unfairly prejudiced by public access, in light of the fact that they are not currently facing criminal or civil charges despite at least two government investigations.

Finally, respondents state that the case can be handled efficiently whether or not it is sealed, and sealing the file will make it easier for the parties to provide information to the Court and could make the adjudication of these matters less complicated. The respondents state that the protection of the confidentiality of uncharged witnesses far outweighs the SEC's desire to acquire a precedent to use in other cases, and that any opinion could be published without disclosing the names of the witnesses and information that would identify them. Respondents ask that the entire file be sealed.

**Legal Standard**.

The Eighth Circuit recently reiterated that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). A party seeking closure or sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling government interest. Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004) (citing In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988)). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." Neal, 461 F.3d at 1053 (quoting In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005)).

Nonetheless, the "right to inspect and copy judicial records is not absolute." Nixon, 435 U.S. at 598; see Goff, 362 F.3d at 550. The Supreme Court has stated, "Every court has supervisory

power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes. For example, the common-law right of inspection has bowed before the power of a court to insure that its records are not 'used to gratify public spite or promote public scandal' . . . . Similarly, courts have refused to permit their files to serve as reservoirs of libelous statements for press consumption . . . ." Nixon, 435 U.S. at 598 (quoted case omitted). If a district court decides to close a proceeding or seal certain documents, it must explain why closure or sealing was necessary and why less restrictive alternatives were not appropriate. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d at 574 (citation omitted).

**Discussion**.

As stated above, the respondents rely on three main points to support their motion to seal this case. The Court will address each in turn. The respondents argue that because the SEC's investigation is non-public, they have a compelling interest in keeping their roles in that investigation private. This argument is not persuasive for two reasons. First, Eighth Circuit precedent indicates that in order to seal records or documents, there must be a compelling governmental interest. Goff v. Graves, 362 F.3d at 550. In the absence of evidence that court files might be used for improper purposes such as to "gratify private spite" or "promote public scandal," see Nixon, 435 U.S. at 598, the respondents' interest in keeping their names out of the public record is not a governmental interest at all, but rather a private interest. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted). For the reasons discussed below, the Court concludes that respondents have not shown that the SEC is acting with an improper purpose.

Second, the few cases the Court has found which address the statutes and regulations governing SEC investigations hold that the confidentiality rules employed by the SEC in non-public investigations are for the benefit of the SEC and may be waived by it, in its discretion. In LaMorte v. Mansfield, 438 F.2d 448 (2d Cir. 1971), the Second Circuit discussed SEC regulations, including 17 C.F.R. § 203.2, which respondents contend restricts the SEC's ability to make public records and documents from a non-public investigation. The Second Circuit stated that a similar regulation to § 203.2 "was an articulation of the discretion possessed by the [SEC] in determining whether to disclose information acquired in the course of certain investigatory proceedings." LaMorte, 438 F.2d at 450. The Second Circuit concluded, "To the extent that a privilege [to maintain the confidentiality of testimony before the SEC] exists, it is the agency's, not the witness'. The agency is free to withdraw the veil of secrecy . . . ." Id. at 451. Other courts have cited LaMorte with approval and reached similar conclusions. See In re Penn Central Commercial Paper Litig., 61 F.R.D. 453, 462 n.20 (S.D.N.Y. 1973) (rejecting defendant's reliance on SEC regulations that insure privacy in non-public SEC investigation, and stating that "these regulations are for the benefit of the [SEC] and not for witnesses who may appear before it."); see also Maryville Academy v. Loeb Rhoades & Co., 1978 WL 1144 (N.D. Ill 1978) ("Any privilege attaching to non-public SEC testimony belongs to and is waivable by the Commission.").

The case relied on by respondents, in In re Sealed Case, 237 F.3d 657, is not applicable to this case and is limited to investigations conducted by the Federal Election Commission, because the regulations and statutes governing the FEC "create an extraordinarily strong privacy interest" in keeping records sealed absent a party's express written consent to the contrary. Id. at 666. In contrast, the statutes and regulations governing the SEC invest it with the discretion to disclose

information gained in the course of non-public investigatory proceedings. See 17 C.F.R. § 203.2 ("Information or documents obtained by the Commission in the course of any investigation or examination, unless made a matter of public record, shall be deemed non-public . . . ."; 17 C.F.R. § 203.5 ("Unless otherwise ordered by the Commission, all formal investigating proceedings shall be non-public."); 15 U.S.C. § 78u ("The Commission may, in its discretion, make such investigations as it deems necessary to determine whether any person has violated . . . any provisions of this chapter . . . . The Commission is authorized in its discretion, to publish information concerning any such violations, and to investigate any facts . . . which it may deem necessary . . . .").

For these reasons, the respondents' contention that the SEC cannot choose to make a private investigation a matter of public record is without merit.

The respondents' second point is that the SEC's enforcement action is related to the subject matter of an ongoing grand jury investigation in this district, and the interest served in keeping the grand jury proceedings private outweighs the need for any public access. Beyond these vague assertions, the respondents do not explain how proceeding with this action without placing it under seal could affect the secrecy of the separate grand jury proceeding. Based on the filings before it, the Court finds the respondents have not established that a compelling governmental interest in the secrecy of the grand jury proceeding requires that the SEC's enforcement action be sealed.

Finally, the respondents argue that the case should be sealed because the SEC improperly filed its enforcement action in St. Louis in order to attract media attention, rather than in Chicago where the investigation is taking place. The respondents contend that the filing in St. Louis and the SEC's characterization of them as "recalcitrant or disobedient" is evidence of the SEC's "private spite" which warrants sealing the case. Reply at 8.

9

The Court disagrees. The statute which governs SEC subpoena enforcement actions provides that such actions may be brought in any United States court in the jurisdiction where the investigation is being carried on, or where the person at issue resides or carries on business. 15 U.S.C. § 78u(c). The SEC has filed its enforcement action in this district, where the respondents reside. This district was one of the two options available to the SEC under the statute, and the Court will not infer an improper motive from the SEC's decision to file its action here. Nor will the Court infer an improper motive from the SEC's use of the terms "recalcitrant" and "disobedient." The relevant statutes speak in terms of a person's refusal to obey a subpoena, see 15 U.S.C. §§ 78u(c), 77v(b); and also of "contumacy" for refusal to obey a subpoena, see 15 U.S.C. § 77v(b). The SEC's legal position is that respondents have disobeyed the subpoenas issued to them. There is nothing improper in the language the SEC used in its application for enforcement of the subpoenas.

**Conclusion**.

For the foregoing reasons, the Court concludes that respondents have failed to establish that a compelling governmental interest exists which requires that this action be filed under seal. The respondents' motions to seal the case file and for leave to file their motion to seal the case file under seal should therefore be denied. The respondents will be ordered to file their responses to the SEC's application for order enforcing subpoenas by December 4, 2006.

Accordingly,

**IT IS HEREBY ORDERED** that respondents' motion to seal the case file and motion to file pleadings under seal are **DENIED**. [Doc. 2, 3]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall unseal the case file of this matter.

**IT IS FURTHER ORDERED** that respondents shall file their responses to the SEC's application for an order requiring compliance with subpoenas by **December 4, 2006**.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  15th  day of November, 2006.