UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) ) ) Applicant, ) ) v. ) ) MICHAEL F. SHANAHAN, SR., et al., ) ) Respondents. ) | No. 4:06-MC-546 CAS |

## MEMORANDUM AND ORDER

This matter is before the Court on motions by Michael F. Shanahan, Sr., Michael F. Shanahan, Jr., and David D. Mattern (collectively "respondents") for leave to file post-ruling motions under seal, and post-ruling motions (1) to seal the transcript of the October 17, 2006 hearing before Judge Webber, and (2) for reconsideration of the Court's ruling on the issue of the sealing motion pleadings. The Securities and Exchange Commission ("SEC") has filed a response which opposes the motion for leave to file post-ruling motions under seal and for reconsideration of the Court's ruling on the sealing motion pleadings, but does not object to the motion to seal the transcript of the October 17, 2006 hearing. The respondents did not file a reply and the time to do so has passed. For the following reasons, respondents' motion for leave to file post-ruling motions under seal should be denied, the motion to seal the transcript should be granted, and the motion for reconsideration should be denied.

**Background**.

The SEC filed this miscellaneous action on October 12, 2006, seeking an order requiring compliance with subpoenas it issued to the respondents on July 28, 2006 in connection with its

investigation into the potential backdating of stock options at Engineered Support Systems, Inc. On October 13, 2006, the respondents filed a motion to seal the case file and a motion for leave to file the motion to seal the case file under seal. The Honorable E. Richard Webber conducted a hearing on respondents' motions on October 17, 2006, and the case was subsequently transferred to the undersigned and additional briefing occurred. By Memorandum and Order dated November 15, 2006, the Court denied respondents' motions to seal the case file and for leave to file the motion to seal the case file under seal. The respondents then filed the instant motions.

**Motion for Leave to File Post-Ruling Motions under Seal**.

In support of their motion for leave to file post-ruling motions under seal, the respondents state that they are filing two related motions in one document, one of which concerns Judge Webber's order that the hearing he conducted on October 17, 2006 be sealed. Respondents state that the parties agree that Judge Webber ordered the hearing sealed and they are asking the Court to seal the transcript of the hearing in accordance with Judge Webber's ruling. The respondents state that because the "content of their motion relates to a topic that Judge Webber ruled should be sealed, the post-ruling motions should be sealed as well." Motion for Leave at 1.

The SEC responds that the Court's denial of respondents' earlier motion to seal the case file and to seal the motion seeking sealing of the case file appears to foreclose what respondents seek here: the sealing of additional motions and briefs related to their initial motions to seal. Response at 1. The SEC further responds that although Judge Webber decided to close the hearing on the motion to seal the case file, that fact alone does not require that briefing on the instant motions be sealed. The SEC also states that the post-ruling motions do not address any topics which differ substantially

2

from the issues already discussed in the Memorandum and Order of November 15, 2006, and therefore no purpose would be served by sealing the briefing on additional motions.

In the Memorandum and Order of November 15, 2006, the Court explained that a party seeking closure or sealing of court documents must show that a restriction of the right of public access is necessitated by a compelling government interest. See Goff v. Graves, 362 F.3d 543, 550 (8th Cir. 2004) (citing In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d 569, 574 (8th Cir. 1988)). "[O]nly the most compelling reasons can justify non-disclosure of judicial records." In re Neal, 461 F.3d 1048, 1053 (2006) (quoting In re Gitto Global Corp., 422 F.3d 1, 6 (1st Cir. 2005)). See Mem. and Order of Nov. 15, 2006 at 6. Further, if a district court decides to close a proceeding or seal certain documents, it must explain why closure or sealing was necessary and why less restrictive alternatives were not appropriate. In re Search Warrant for Secretarial Area Outside Office of Gunn, 855 F.2d at 574 (citation omitted). See Mem. and Order of Nov. 15, 2006 at 7.

The Court previously concluded that respondents failed to establish that a compelling governmental interest existed which required that this action be filed under seal, or that the motion for leave to file the motion to seal the case file under seal should be granted. Id. at 10. The burden is on the respondents to establish the propriety of any sealing or redaction of the Court record. The respondents have not established any compelling governmental interest in sealing the post-ruling motions, and therefore the motion for leave to file the post-ruling motions under seal should be denied.

**Post-Ruling Motions**.

    **A. Motion to Seal Transcript**

The respondent move to seal the transcript of the October 17, 2006 hearing held before Judge Webber. The SEC does not oppose this motion. Judge Webber ordered the hearing closed, and the Court will grant respondents' motion to seal the transcript.

    **B. Motion for Reconsideration of the Court's Ruling on the Issue of the Sealing Motion Pleadings**.

The respondents state that they "believe it was Judge Webber's intent, given his ruling that the hearing should be sealed, that the pleadings related to the hearing should be sealed as well, regardless of the subsequent rulings." Post-Ruling Motions at 3, ¶ 7. Respondents further state that they relied on what they believed to be Judge Webber's intent to seal pleadings related to the hearing in presenting their information and arguments to the Court, id., ¶ 8, and therefore granting public access to these documents would be grossly unfair. In the alternative, the respondents request that the pleadings and exhibits be redacted to remove all references to the grand jury.

The SEC responds that it is unaware of any opinion expressed by Judge Webber regarding public access to the briefing on respondents' motion to seal the case file, and that the motion to seal the file was not fully briefed at the time of the hearing. The SEC states that while respondents may have viewed Judge Webber's decision to close the hearing on the motion as support for their additional request to seal the pleadings, they had no legal basis to do so. Finally, the SEC states that the respondents' belief that they would be permitted to place their briefing under seal does not create a compelling governmental interest in restricting the public's right of access to judicial records.

4

The Court agrees with the SEC. Although Judge Webber granted the respondents' request to close the hearing, he did not grant the respondents' motion for leave to file pleadings under seal prior to transfer of this matter to the undersigned. The respondents cannot rely on Judge Webber's action in closing the hearing as support for sealing the pleadings relating to the motion to seal the case file. Moreover, the respondents originally asked only that their pleadings be sealed until the Court reached a decision on the motion to seal the case file. The motion for leave to file pleading under seal stated in pertinent part,

> As a matter of fairness, the Motion to Seal Case File, this motion, and the Entry of Appearance <u>should be sealed pending the Court's determination of whether this matter should be sealed</u>. <u>If the Court were to grant the Motion the Seal Case File</u>, but the underlying motion had been available to the public, the Court's order would be completely undermined and respondents would be unfairly prejudiced.

Mot. for Leave to File Pleading Under Seal at 1, ¶ 3 [Doc. 2] (emphasis added). When this Court denied the motion to seal the case file, it also denied the motion for leave to file pleadings under seal. The respondents' own motion for leave to file under seal recognized that if the motion to seal the case file was denied, their rationale underlying the motion for leave to file pleadings under seal would disappear.

More importantly, the respondents have not offered any evidence to establish a compelling governmental interest which would require that the motion for leave to file pleadings under seal be granted. <u>See</u> <u>Goff v. Graves</u>, 362 F.3d at 550. The motion for reconsideration should therefore be denied.

Finally, the Court will deny the respondents' alternative motion to redact the pleadings and exhibits to remove all references to the grand jury. The Court previously determined that none of the discussion of grand jury proceedings in the SEC's application, or in the prior briefing of the parties,

5

threatened the secrecy of the separate grand jury proceedings. See Mem. and Order of Nov. 15, 2006 at 9. In the instant motion, the respondents cite no legal authority and have not shown a compelling governmental interest which would require the redaction they seek, but rather merely reiterate the arguments the Court has previously rejected.

**Conclusion**.

For the foregoing reasons, the Court concludes that respondents have failed to establish that a compelling governmental interest exists which requires that their post-ruling motions should be filed under seal, and therefore the motion for leave to file post-ruling motions under seal should be denied. The Court will also deny respondents' motion to reconsider its ruling denying respondents' motion to seal the briefing concerning the original motion to seal the case file, and the alternative request to redact the pleadings and exhibits to remove all references to the grand jury, as the respondents have not established that a compelling governmental interest exists to do so. Finally, the Court will grant respondents' motion to seal the transcript of the October 17, 2006 hearing.

Accordingly,

**IT IS HEREBY ORDERED** that respondents' motion for leave to file post-ruling motions under seal is **DENIED**. [undocketed; rec'd. Nov. 16, 2006]

**IT IS FURTHER ORDERED** that respondents' post-ruling motions are **GRANTED in part** and **DENIED in part**; said motions are **GRANTED** to the extent that the transcript of the hearing conducted on October 17, 2006 shall be filed under seal; and **DENIED** to the extent that respondents move for reconsideration of the Court's ruling on respondents' motion to file pleadings under seal. [undocketed; rec'd. Nov. 16, 2006]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file under seal the transcript of the hearing of October 17, 2006, which was submitted by respondents as an exhibit to their reply memorandum in support of the motion to seal the case file. [Doc. 11]

                                                                                      **CHARLES A. SHAW**
                                                                                       **UNITED STATES DISTRICT JUDGE**

Dated this  4th  day of December, 2006.