UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | ) ) ) |
| Applicant, | ) ) |
| v. | ) No. 4:06-MC-546 CAS ) ) |
| MICHAEL F. SHANAHAN, SR., et al., | ) ) |
| Respondents. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the Securities and Exchange Commission's application for an order requiring compliance with subpoenas issued to respondents Michael F. Shanahan, Sr., Michael F. Shanahan, Jr. and David D. Mattern (collectively "respondents"). Respondents oppose the application. For the following reasons, the application will be granted.

**Background**.

The SEC filed this miscellaneous action on October 12, 2006, seeking an order requiring compliance with subpoenas it issued to the respondents on July 28, 2006 in connection with its investigation into the potential backdating of stock options at Engineered Support Systems, Inc. ("ESSI"), which is captioned Matter of Engineered Support Systems, Inc. (C-07219). The respondents are former officers or members of the Board of Directors of ESSI. Michael F. Shanahan, Sr. is the former Chairman and Chief Executive Officer of ESSI, Michael F. Shanahan, Jr. is a former director of ESSI and a former member of ESSI's Compensation Committee of its Board of Directors, and David D. Mattern is the former General Counsel and Secretary of ESSI.

The subpoenas directed the respondents to produce certain documents by August 4, 2006, and appear for testimony in the SEC's Chicago, Illinois office on August 14, 2006, later continued to August 31, 2006. The SEC asserts that the respondents appeared in Chicago for testimony before SEC staff, but on the advice of counsel refused to either answer questions or assert their Fifth Amendment privileges against self-incrimination. The SEC's application for an order enforcing the subpoenas seeks an order directing the respondents to either testify and produce documents pursuant to the subpoenas or assert the Fifth Amendment privilege.

**Legal Standard**.

It is well established that while a government agency's "access to evidence in furtherance of its duty to investigate a discrimination charge is not without limitation, a district court should enforce an administrative subpoena if the information sought is reasonably relevant to an authorized investigation." United States EEOC v. Technocrest Sys., Inc., 448 F.3d 1035, 1040 (8th Cir. 2006) (citing United States v. Morton Salt Co., 338 U.S. 632, 652 (1950); Donovan v. Shaw, 668 F.2d 985, 989 (8th Cir.1982) ("The material sought by the subpoena was not plainly irrelevant to lawful purposes of the [agency] and it was the duty of the district court to order its production.");and E.E.O.C. v. Chrysler Corp., 567 F.2d 754, 755 (8th Cir.1977) ("[A] court faced with a demand for enforcement [of an administrative subpoena] is limited to determining whether the subpoenaed information is material and relevant to the investigation of a potential violation.")).

Before a court may grant a motion to enforce an administrative subpoena, the agency must show that: (1) the investigation is for a legitimate purpose; (2) the information sought by the subpoena may be relevant to that purpose; (3) the information sought is not already within the agency's possession; and (4) the necessary administrative steps required to issue the subpoena have

2

been followed. United States v. Powell, 379 U.S. 48, 57-58 (1964); see SEC v. Jerry T. O'Brien, Inc., 467 U.S. 735, 738 (1984).

**Discussion**.

The respondents do not contest that the SEC has established the elements contained in Powell, 379 U.S. at 57-58.[1] See Mem. in Opp. at 1. The respondents assert, however, that language in SEC Form 1662, which accompanied the subpoenas, provides them with broader rights than those contained in the Fifth Amendment, and permits them to refuse to answer questions even if they do not believe they may be subject to criminal prosecution as a result of their answers.

Form 1662 provides information and legal disclosures to persons who provide documents or testimony during SEC investigations. The portion of SEC Form 1662 at issue states as follows:

> 5. *Fifth Amendment and Voluntary Testimony*. Information you give may be used against you in any federal, state, local or foreign administrative, civil or criminal proceeding.
>
> You may refuse, in accordance with the rights guaranteed to you by the Fifth Amendment to the Constitution of the United States, to give any information that may tend to incriminate you or subject you to fine, penalty or forfeiture.
>
> If your testimony is not pursuant to subpoena, your appearance to testify is voluntary, you need not answer any question, and you may leave whenever you wish. Your cooperation is, however, appreciated.

Ex. 5 to Shank Decl., at 2.

According to the respondents, Form 1662 states that (1) information provided by a witness can be used against that witness in civil or administrative proceedings, and (2) a witness may refuse to given information "that may tend to incriminate you or subject you to fine, penalty or forfeiture." Relying on the underlined language, the respondents contend that a plain reading of the form provides

---

[1] As a result, the Court does not examine the Powell factors.

3

them with broader rights to refuse to answer questions than those contained in the Fifth Amendment privilege against self-incrimination, because the Fifth Amendment privilege can be asserted only when an individual faces a "substantial and real" possibility of criminal prosecution. In contrast, respondents assert that Form 1662 allows a witness not to answer in situations where the information could subject him to a civil "fine, penalty or forfeiture," remedies which only apply in civil proceedings where the Fifth Amendment privilege is not applicable.

The respondents assert that they have been informed they are not targets of the grand jury investigation ongoing in this district concerning the possible back-dating of stock options at ESSI. As a results, respondents state it is not appropriate for them to assert the Fifth Amendment privilege to remain silent. Respondents do, however, state they wish to assert their right to remain silent as established by the "fine, penalty or forfeiture" of Form 1662, as they may be subject to a fine, penalty or forfeiture imposed by SEC.

The respondents contend that Form 1662's language is at best ambiguous and is akin to a contract of adhesion, and therefore should be construed against its drafter, the SEC. The respondents also contend that the rule of lenity is a useful analogy to this case, and accordingly, to the extent there are two plausible readings of Form 1662, they should be given the benefit of the interpretation that allows them to refuse to answer questions.

The SEC responds that respondents' view of the Fifth Amendment's privilege against self-incrimination is too narrow, as the privilege is available to anyone who has "reasonable cause to apprehend danger" from answering questions, even one who protests his innocence. See Ohio v. Reiner, 532 U.S. 17, 21 (2001) (quoting Hoffman v. United States, 341 U.S. 479, 486 (1951)). The SEC states that the information sought need not be directly incriminating if it provides a "link in the

4

chain of evidence" necessary to initiate a criminal case, citing Hoffman, 341 U.S. at 486. "The privilege against self-incrimination may be raised in civil as well as in criminal proceedings and applies not only at trial, but during the discovery process as well." SEC v. Graystone Nash, Inc., 25 F.3d 187, 190 (3d Cir. 1994). The SEC contends that it is both common and appropriate for witnesses to invoke the Fifth Amendment during SEC investigations, citing, e.g., Securities Enforcement Manual: Tactics and Strategies, at 114-116 (ABA 1997); SEC v. Colello, 139 F.3d 674, 677 (9th Cir. 1998); and SEC v. Packetport.com, Inc., 2006 WL 2349452, *6 (D. Conn. July 28, 2006).[2]

The SEC notes that respondents are represented by experienced criminal defense counsel who affirmatively represented in writing in August 2006 that respondents would invoke the Fifth Amendment privilege during questioning. The SEC states that if respondents no longer have a legitimate fear of criminal prosecution, their only objection to providing the information sought by the subpoenas is their interpretation of Form 1662, which is incorrect.

The SEC asserts that the phrase "in accordance with the rights guaranteed to you by the Fifth Amendment" in Form 1662 serves to explain why a witness may refuse to provide information, and modifies both of the clauses which follow it. According to the SEC, the Fifth Amendment permits a witness to refuse to provide information which incriminates him; and also permits a witness to decline to provide information which could subject him to a fine, penalty or forfeiture. The SEC states that the "fine, penalty or forfeiture" language acknowledges that courts have held the Fifth

---

[2]The SEC notes that in civil proceedings, the invocation of the Fifth Amendment permits a court or jury to draw an "adverse inference" against an individual who refuses to testify in the face of incriminating evidence. Baxter v. Palmigiano, 425 U.S. 308, 318 (1976); Graystone Nash, 25 F.3d at 190. "While this rule obviously creates a strong incentive to provide evidence from which a trier of fact can determine liability, it is appropriate because it tends to mitigate the disadvantage caused by silence which deprives a litigant of relevant information." SEC v. Global Telecom Services, L.L.C., 325 F. Supp. 2d 94, 109 (D. Conn. 2004).

5

Amendment privilege may apply outside of traditional criminal litigation in "quasi-criminal" proceedings, where potential sanctions include fines, penalties or forfeitures which are criminal in nature for Fifth Amendment purposes. The SEC cites United States v. U.S. Coin and Currency, 401 U.S. 715, 718 (1971) (applying Fifth Amendment privilege against self- incrimination in forfeiture proceedings); Kennedy v. Mendoza-Martinez, 372 U.S. 144, 168-69 (1963) (divestiture of citizenship required protections under Fifth and Sixth Amendments for criminal proceedings); Hudson v. United States, 522 U.S. 93, 99-100 (1997). The SEC asserts that regardless of the nature of the subsequent proceeding feared by a witness, Form 1662 advises the witness that it is appropriate to refuse to testify by asserting the Fifth Amendment privilege.

The SEC argues in order to accept respondents' interpretation of Form 1662, as creating a basis for a refusal to testify which is broader than the Fifth Amendment, the Court must "embrace the beginning and end of paragraph five, but ignore the words 'in accordance with the rights guaranteed you by the Fifth Amendment to the Constitution of the United States' which are in the middle." SEC Reply at 4. The SEC asserts that only by ignoring this clause, as well as the section heading's reference to the Fifth Amendment, can the respondents claim that Form 1662 itself provides a basis not to testify.

The SEC cites an unpublished decision, SEC v. Sears, No. 05-728-JE (D. Or. July 28, 2005),[3] which addressed a similar argument to that of respondents. In Sears, the respondents "purported to invoke 'the right to silence granted by the rules of the Commission (See SEC Publication 1662) and decline[d] to answer any question, produce any document, or take any action to facilitate the production of any document . . . on the ground that such an action might subject [them] to fine,

---

[3] A copy of SEC v. Sears is attached as Exhibit 12 to the Declaration of Jeffrey A. Shank, filed in support of the SEC's application.

6

penalty or forfeiture.'" Id., slip op. at 6. The respondents in Sears, as in this case, contended that Form 1662 "establishes an enforceable right, in and of itself." Id. The court rejected the argument, concluding that Form 1662 did not create any "vested rights." The court determined that "[b]y its own terms, the [fine, penalty or forfeiture] sentence merely attempts to summarize the rights already guaranteed by the Fifth Amendment." Id. at 7. The court held that the respondents could not assert a "Publication 1662 privilege" against testifying. Id. at 7.

The respondents attempt to distinguish Sears on the basis that the Sears argued they were asserting rights under the Fifth Amendment, but not the privilege against self-incrimination. Respondents state that they do not argue that Form 1662 expands the Fifth Amendment privilege, but instead rely upon the plain language in the form, which provides witnesses with the right to refuse to answer questions in a non-Fifth Amendment context, specifically when the information could subject them to fines, penalties or forfeitures.

The Court finds that the language of Form 1662 does not afford the respondents a testimonial privilege independent of their rights under the Fifth Amendment. Form 1662 is not a statute or rule promulgated by the SEC, but rather is a document prepared by SEC staff to provide information and legal disclosures to persons who provide documents or testimony during SEC investigations. The phrase "fine, penalty or forfeiture" in Form 1662 on which respondents rely is contained in a section under the heading "Fifth Amendment and Voluntary Testimony." The section specifies that a witness may refuse to provide testimony in accordance with the "rights guaranteed . . . by the Fifth Amendment" to the Constitution. The phrase on which respondents rely is modified by the section's references to the Fifth Amendment.

The Court finds persuasive the SEC's contention that the "fine, penalty or forfeiture" language acknowledges that courts have held the Fifth Amendment privilege may apply outside of traditional criminal litigation. The Court is not persuaded by the respondents' attempt to analogize this case to insurance disputes, contracts of adhesion or the rule of lenity. Respondents' Form 1662 is not a contract, and the "fines, penalties or forfeitures" language forms part of the notice to witnesses of their rights. Further, respondents' attempt to distinguish the <u>Sears</u> case fails, because the key issue presented in that case, whether Form 1662 itself establishes rights on which a subpoenaed witness may rely in responding to the SEC's questions, is the same as in this case.

**Conclusion**.

For the foregoing reasons, the Court will grant the Securities and Exchange Commission's application for an order requiring the respondents to comply with the subpoenas issued to them. The respondents will be ordered to either produce the subpoenaed documents or provide a written statement of a valid legal privilege for not doing so; and to testify as to all matters contained within the subpoenas, or to personally assert a valid legal privilege for not testifying.

Accordingly,

**IT IS HEREBY ORDERED** that the Securities and Exchange Commission's application for an order requiring compliance with subpoenas is **GRANTED**. [Doc. 1]

**IT IS FURTHER ORDERED** that respondents shall comply with the subpoenas by (1) producing documents called for by the subpoenas by **March 28, 2007**, or by that same date providing to the SEC in writing a valid legal privilege for not producing documents; and (2) by appearing at the United States Securities and Exchange Commission at 175 W. Jackson Boulevard, Suite 900, Chicago, Illinois 60604 for testimony at 9:30 a.m. on **April 11, 2007**, and if necessary for continuous

days until the SEC's staff concludes the examination, and by testifying as to all matters or personally asserting a valid legal privilege for not testifying.

**IT IS FURTHER ORDERED** that respondents' counsel shall not instruct respondents not to testify or produce documents without a valid and applicable privilege, and shall abide by 17 C.F.R. § 203.7(c) and Federal Rule of Civil Procedure 30(d)(1) during respondents' testimony before the SEC.

**IT IS FURTHER ORDERED** that, by agreement of the parties, respondents' testimony may occur on a date other than that stated in the first order paragraph above, and/or at a location other than the Securities and Exchange Commission's Chicago offices.

**IT IS FURTHER ORDERED** that this Memorandum and Order may be served upon respondents by representatives of the SEC by overnight mail, facsimile and electronic mail delivery upon their counsel, and that such service shall constitute good service upon each respondent.

**IT IS FURTHER ORDERED** that the Court shall retain jurisdiction of this matter for all purposes as necessary and appropriate to insure compliance with this Memorandum and Order.

                                                                                         */s/ Charles A. Shaw*
                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this __14th__ day of March, 2007.