UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | )<br>)<br>) |
| Applicant, | )<br>) |
| v. | ) No. 4:06-MC-546 CAS<br>)<br>) |
| MICHAEL F. SHANAHAN, SR., et al., | )<br>) |
| Respondents. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the respondents' Motion to Stay Pending Resolution of the Government's Motion to Stay, filed on April 10, 2007. Respondents move the Court for a temporary protective order staying their scheduled testimony in the ongoing Securities and Exchange Commission ("SEC") investigation, pending resolution of a motion filed by the United States Attorney's Office, and not opposed by the SEC, to intervene and for a temporary stay of discovery in a related civil case, Securities and Exchange Commission v. Gerhardt, No. 4:07-CV-270 JCH (E.D. Mo.), until resolution of a criminal case against the defendant therein, Gary Gerhardt. See United States v. Gerhardt, No. 4:07-CR-175 JCH (E.D. Mo.). The SEC has filed an opposition to the respondents' motion to stay, asserting several arguments as to why the motion should be denied. Neither party has addressed this Court's jurisdiction to rule on the motion to stay.

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). This matter is currently on appeal before the United States Court of Appeals for the Eighth Circuit. See Securities and Exchange Commission v. Shanahan, et al., Nos. 07-1682, 07-

1686, 07-1687. The Supreme Court has instructed that "a federal district court and a federal court of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance--it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The Eighth Circuit has often invoked this principle. See, e.g., Ahlberg v. Chrysler Corp., __ F.3d __, 2007 WL 913816, *7 (8th Cir. Mar. 28, 2007) (citing Griggs); State ex rel. Nixon v. Coeur D'Alene Tribe, 164 F.3d 1102, 1106 (8th Cir.) (same), cert. denied, 527 U.S. 1039 (1999). The application of the principle "provides a bright-line jurisdictional rule to prevent duplicative waste of resources, to reduce uncertainty and unnecessary litigation and to avoid inconsistent determinations" in multiple fora. McCauley v. Halliburton Energy Servs., Inc., 413 F.3d 1158, 1162 (10th Cir. 2005).

The principle is not absolute, however, and there are situations in which it does not apply. See Coeur D'Alene Tribe, 164 F.3d at 1106. The jurisdictional transfer principle does not divest a district court of all jurisdiction, but rather only of jurisdiction over the matters appealed. See Marrese v. American Academy of Orthopaedic Surgeons, 470 U.S. 373, 379 (1985). A district court retains jurisdiction to adjudicate matters which are collateral or tangential to the appeal. See Harmon v. United States Through Farmers Home Admin., 101 F.3d 574, 587 (8th Cir. 1996) ("where the issue of attorney fees is not before the court of appeals . . . the district court may consider it"); Gundacker v. Unisys Corp., 151 F.3d 842, 848 (8th Cir. 1998) (district court retains jurisdiction to impose sanctions where that issue is not before the court of appeals), cert. denied, 525 U.S. 1070 (1999).

In the context of the instant motion, the Court finds that the general rule of jurisdictional transfer applies. The issue whether enforcement of the SEC's subpoenas directed to the respondents

2

in this case should be stayed because of action taken by the United States Attorney in another civil case is not collateral to the question presented by the appeal itself, which concerns whether the SEC's subpoenas should be enforced, but instead is closely related. Moreover, the instant motion presents an issue factually and legally distinct from that presented by respondents' first motion to stay, which was filed in this action pursuant to Rule 62(c), Federal Rules of Civil Procedure. The Court therefore concludes that it lacks the jurisdiction to address respondents' motion to stay. The respondents may refile their motion to stay with the United States Court of Appeals for the Eighth Circuit.

Accordingly,

**IT IS HEREBY ORDERED** that the respondents' Motion to Stay Pending Resolution of the Government's Motion to Stay is **DENIED** for lack of jurisdiction. [Doc. 36]

                                              **CHARLES A. SHAW**
                                              **UNITED STATES DISTRICT JUDGE**

Dated this __11th__ day of April, 2007.